IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RACETRAC, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| ONE TRIP OF GEORGIA INC. and MANIK ) | NO. _____ |
| NARAINSINGHANI, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff RaceTrac, Inc. ("RTI") states the following for its Complaint against Defendants One Trip of Georgia Inc. ("One Trip") and Manik Narainsinghani, a/k/a Mike Singhani ("Mr. Singhani") (collectively, "Defendants").

## NATURE OF THIS ACTION

1. This is an action at law and in equity for service mark infringement, false designation of origin, and unfair competition arising under Section 32 and 43 of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125; for deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et. seq.* (2007); and for unfair competition in violation of O.C.G.A. § 23-2-55 (2007) and the common law of Georgia.

## PARTIES

1. RTI is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

2. Upon information and belief, Defendant One Trip is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in

#259300v2

Homerville, Georgia, and who may be served with process through its registered agent, Defendant Mr. Singhani, at 850 Valdosta Highway, Homerville, Georgia 31634.

3. Upon information and belief, Defendant Mr. Singhani is a natural person who is a citizen of the State of Georgia and who resides in this District and in this Division, and who may be served with process at 850 Valdosta Highway, Homerville, Georgia 31634. Upon further information and belief, Mr. Singhani owns and controls Defendant One Trip and he identifies himself to the public as One Trip's CEO.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to Lanham Act § 39, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338(a). As to the related state law claims alleged herein, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants reside in this District, do business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because, upon information and belief, Defendants do business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

7. Pursuant to LR 2.1(a), venue is proper in this Division because, upon information and belief, Defendants reside in this Division, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this Division.

#259300v2

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. RTI owns and operates the RaceTrac® business and its system of approximately 600 convenience stores and automobile filling stations located in the United States.

9. RTI also owns the trademarks and trade dress associated with and used at its RaceTrac business, including the federally-registered design marks depicted below:

U.S. Reg. No. 5628597              U.S. Reg. No. 4897793

  

10. RTI also owns the trade dress rights associated with its distinctive service station canopy, including the federally-registered design mark depicted below:

U.S. Reg. No. 7527076



11. True and correct copies of the Certificates of Registration for Reg. Nos. 5628597, 4897793, and 7527076 are attached hereto as Exhibit A and incorporated by reference herein.

12. Registration Nos. 5628597 and 4897793 have become incontestable pursuant to the provisions of 15 U.S.C. § 1065 and therefore constitute conclusive evidence of the validity of the marks shown therein, and of the registration of said marks, of RTI's ownership of said marks, and of RTI's exclusive right to use and to license the right to others to use said marks in commerce in connection with the services specified therein.

13. In addition to the trademark registrations referenced above, RTI owns all common law rights in and to the trademarks and trade dress associated with and used at its RaceTrac

3

#259300v2

business. The federally registered trademarks described above, together with all of the common law counterparts of these marks, shall be referred to collectively hereinafter as "Plaintiff's Marks."

14. RTI owns Plaintiff's Marks, all the goodwill associated therewith, and the registrations referenced above (which registrations remain valid and subsisting).

15. As a consequence of the inherent distinctiveness of Plaintiff's Marks and by virtue of the long and continuous use and extensive promotion of those marks, the consuming public and the trade have come to recognize, and do recognize, Plaintiff's Marks as being used by RTI or by a single source, and to associate and identify said Marks with RTI or with a single source. RTI derives substantial goodwill and value from this identification by the consuming public and the trade.

16. Upon information and belief, Defendants own and operate convenience stores and automobile filling stations in South Georgia under the name "OneTrip" that, notwithstanding RTI's rights in its Marks, use logos, fonts, color schemes, and exterior design features that are identical to and clearly intended to mimic Plaintiff's Marks. Examples of this mimicry are shown below:

**RTI**            **Defendants**



#259300v2

| RTI | Defendants |
|---|---|
|  |  |
|  |  |
|  |  |

17. Upon information and belief, at the time Defendants commenced using logos, fonts, color schemes, and exterior design features in connection with their "One Trip" convenience stores and automobile filling stations that are identical to and clearly intended to mimic Plaintiff's Marks, they were fully aware of Plaintiff's Marks and of RTI's preexisting and senior rights in those Marks.

18. Defendants' unauthorized use of logos, fonts, color schemes, and exterior design features that are identical to Plaintiff's Marks in connection with services that are identical to those provided by RTI creates a likelihood of confusion as to the source, sponsorship, or affiliation of Defendants' business and services with RTI.

5

#259300v2

19. RTI has attempted to resolve this dispute short of litigation. Specifically, RTI sent Defendants a letter demanding that they cease using the identical logos, fonts, color schemes, and exterior design features at the following "OneTrip" store locations of which RTI was aware: 850 Valdosta Hwy, Homerville, GA 31634; 405 Main St E, Willacoochee, GA 31634; 1993 Willacoochee Hwy, Douglas GA 31535; and 378 West Forest Ave, Homerville, GA 31634.

20. Defendants ultimately responded by: (a) representing that they no longer controlled the 1993 Willacoochee Hwy and 378 West Forest Ave stores, which stores had been rebranded and no longer bear the name "OneTrip" or use logos, fonts, and color schemes that are similar to Plaintiff's Marks; and (b) indicating a willingness to modify the remaining 850 Valdosta Hwy and 405 Main St E "OneTrip" store locations (the "OneTrip Stores") to remove the similar logos, fonts, and color schemes.

21. Despite their stated willingness to make modifications to the OneTrip Stores, a recent visit to those stores by a representative of RTI has revealed that no such modifications have been made, and that those stores continue to use logos, fonts, color schemes, and exterior design features that are identical to and clearly intended to mimic Plaintiff's Marks, and that are likely to create confusion as to the source, sponsorship, or affiliation of Defendants' business and services with RTI.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement)**

22. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

23. Defendants' unauthorized use in commerce of RTI's federally-registered Plaintiff's Marks in connection with the "OneTrip" convenience stores and automobile filling stations business is likely to deceive consumers as to the origin, source, sponsorship, or

affiliation of Defendants' business and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RTI.

24. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Defendant Mr. Singhani has caused and is causing this infringing conduct to occur, and he is actively participating as a moving force behind the decision to engage in this infringing conduct.

26. Defendants have committed the foregoing acts of infringement with full knowledge of RTI's rights in Plaintiff's Marks and with the willful intent to cause confusion and trade on RTI's goodwill.

27. Defendants' conduct is causing immediate and irreparable harm and injury to RTI, and to its goodwill and reputation, and will continue to both damage RTI and confuse the public unless enjoined by this court. RTI has no adequate remedy at law.

28. RTI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Federal Unfair Competition and False Designation of Origin)**

29. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

30. Defendants' unauthorized use in commerce of Plaintiff's Marks in connection with the "OneTrip" convenience stores and automobile filling stations business is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' business

#259300v2

and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by RTI.

31. Defendants' conduct therefore constitutes use of a false designation of origin and misleading description and representation of fact.

32. Defendant Mr. Singhani has caused and is causing this unfair competition and infringing conduct to occur, and he is actively participating as a moving force behind the decision to engage in this infringing conduct.

33. Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with RTI.

34. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendants' conduct is causing immediate and irreparable harm and injury to RTI, and to its goodwill and reputation, and will continue to both damage RTI and confuse the public unless enjoined by this court. RTI has no adequate remedy at law.

36. RTI is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**(Unfair and Deceptive Trade Practices under O.C.G.A. § 10-1-370 *et. seq.*)**

37. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

38. The acts of Defendants complained of herein constitute deceptive trade practices

under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372(a) (2009).

39.   Defendants' unauthorized use of Plaintiff's Marks has caused substantial injury to the public and to RTI, and RTI is entitled to injunctive relief.

40.   Defendants' conduct has been willful and in bad faith, making this an exceptional case under O.C.G.A. § 10-1-373(b)(2) (2009).

## FOURTH CAUSE OF ACTION
### (Unfair Competition under O.C.G.A. § 23-2-55 and the Common Law of Georgia)

41.   The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

42.   Defendants' unauthorized use of Plaintiff's Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin, or sponsorship of Defendants' "OneTrip" convenience stores and automobile filling stations business. The consuming public is likely to believe that said business and services of Defendants originate from, or are sponsored by or affiliated with, the source of services bearing Plaintiff's Marks.

43.   Upon information and belief, Defendants' unauthorized use of Plaintiff's Marks has been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with Plaintiff's Marks.

44.   Defendants' conduct alleged herein constitutes unfair competition in violation of the O.C.G.A. § 23-2-55 and the common law of the State of Georgia.

45.   As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, RTI has suffered irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill. Such conduct has caused Defendants to achieve sales and profits to which they are not entitled.

46. Defendants' conduct has caused substantial injury to the public and to RTI, and RTI is entitled to injunctive relief, Defendants' profits, and RTI's actual damages, costs, and reasonable attorneys' fees.

47. The acts of Defendants complained of herein showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of those actions, and thus form a basis for punitive damages under O.C.G.A. § 51-12-5.1(b).

## PRAYER FOR RELIEF

WHEREFORE, RTI prays that a judgment be entered:

1. Permanently enjoining Defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes, from:

    a. using logos, fonts, color schemes, and exterior design features in connection with their convenience stores and automobile filling stations that are identical to or colorable imitations of Plaintiff's Marks; and

    b. using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of RTI, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' business or services are the business or services of RTI, or are sponsored by or in any way related to RTI.

#259300v2

2. Awarding RTI compensatory and punitive damages; an accounting for all profits received by Defendants' unauthorized use of Plaintiff's Marks; the costs of this action; reasonable attorneys' fees under 15 U.S.C. § 1117 and O.C.G.A. § 10-1-373(b)(2); and a trebling of damages and profits as authorized by law.

3. Directing Defendants to immediately surrender or deliver up for destruction all labels, signs, packages, domain names, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Defendants that are found to adopt or to infringe Plaintiff's Marks.

4. Granting RTI such other and further relief as the Court may deem just and proper.

This the 7th day of October, 2025.

                                                            **CAIOLA & ROSE, LLC**

                                                            /s/ Elizabeth B. Rose
ELIZABETH B. ROSE
Georgia Bar No. 558747
elizabeth@caiolarose.com
*Attorney for RaceTrac, Inc.*
125 Clairemont Avenue
Suite 240
Decatur, Georgia 30030
(470) 300-1020 phone